# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT COURT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| WANDERLYN MURRAY, | ) **Civil Action No.** |
| Plaintiff, | ) |
| | ) **PLAINTIFF'S COMPLAINT FOR** |
| | ) **DAMAGES** |
| v. | ) **(Telephone Consumer Protection Act)** |
| CAPITAL ONE BANK (USA), N.A., | ) |
| | ) |
| 1680 Capital One Drive | ) |
| Bank of America Center, 16th Floor | ) |
| McLean, VA 22102-1111 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

WANDERLYN MURRAY ("Plaintiff"), by and through her attorneys, alleges the following against CAPITAL ONE BANK (USA), N.A. ("Defendant"):

1.     Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), *47 U.S.C. § 227 et seq.*

## JURISDICTION AND VENUE

2.     Defendant conducts business in the state of Virginia, and therefore, personal jurisdiction is established.  Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

3.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

4.      Venue is proper in the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C § 1391(b) because Defendant has its principal place of business in McLean, Virginia within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

5.      Plaintiff is a natural person residing in the county of Wake, city of Garner, North Carolina.

6.      Defendant is a corporation that conducts business in the State of North Carolina with its principal place of business located in McLean, Virginia.

7.      At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

8.      Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts owed by Plaintiff.

9.      Defendant placed collection calls to Plaintiff's cellular telephone at phone number (919) 672-79XX.

10.     Defendant places collection calls to Plaintiff from phone numbers including, but not limited to (800) 955-6600.

11.     Per its prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

12.     Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C.

§ 227(a)(1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, WANDERLYN MURRAY.

13.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

14.     Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15.     Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

16.     On October 20, 2017, Plaintiff called into Defendant's company at phone number (800) 955-6600.   Plaintiff spoke with Defendant's male representative and requested that Defendant cease calling Plaintiff's cellular phone.

17.     During the conversation on October 20, 2017, Plaintiff gave Defendant her social security number and date of birth to assist Defendant in accessing her account before asking Defendant to stop calling her cell phone (318) 372-73XX.

18.     Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on October 20, 2017.

19.     Despite Plaintiff's request, Defendant continued to place telephone calls to Plaintiff's cellular telephone after October 20, 2017.

20.     Defendant placed at least one hundred and twenty (120) automated calls to Plaintiff's cellular telephone from October 2017 to May 2018.

## FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227

21.   Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

22.   The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

23.   As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

24.   Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 et. seq.

25.   Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

26.   The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

27.   As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation,

pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

28.   Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, WANDERLYN MURRAY, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A. for the following:

## **FIRST CAUSE OF ACTION**

For statutory damages of $500.00 multiplied by the number of TCPA violations alleged herein (120), $60,000.00;

Actual damages and compensatory damages according to proof at time of trial;

## **SECOND CAUSE OF ACTION**

For statutory damages $1,500.00 multiplied by the number of TCPA violations alleged herein (120), $180,000.00;

Actual damages and compensatory damages according to proof at time of trial;

## **ON ALL CAUSES OF ACTION**

Actual damages and compensatory damages according to proof at time of trial;

Costs and reasonable attorneys' fees;

Any other relief that this Honorable Court deems appropriate.

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated: December 4, 2018                RESPECTFULLY SUBMITTED,


/s/ Alexis A. Kokkinos
Alexis A. Kokkinos, Virginia Bar No. 87262
Attorney for Plaintiff WANDERLYN MURRAY

PLAINTIFF'S COMPLAINT

Attorney at Law
360 W. Ocean Blvd, #302
Long Beach, CA 90802
T: (562) 354-3053
F: (866) 219-5310
E: alexiskokkinosesq@gmail.com


By:    /s/ Alyson J. Dykes
       Alyson J. Dykes, CA Bar #319835
       Attorney for Plaintiff WANDERLYN MURRAY
       The Law Offices of Jeffrey Lohman, P.C.
       4740 Green River Road, Suite 310
       Corona, CA  92880
       T: (657) 500-4317
       F: (657) 227-0270
       E: alysond@jlohman.com
       *Pro Hac Vice* Application to follow

PLAINTIFF'S COMPLAINT